S92A1476. STONE v. THE STATE.
(424 SE2d 787)

HUNSTEIN, Justice.

Stone was convicted of driving under the influence of alcohol. In this appeal from the denial of his motion for new trial, he complains that the trial court erred in charging OCGA § 40-6-392 (a) (3) because that statute is burden-shifting and further, is unconstitutional insofar as it deprives an indigent person, who has been charged with DUI, a second chemical test at the state's expense.

The appellant was stopped by Officer Lee on suspicion of driving under the influence. Following his arrest, the appellant requested a blood test pursuant to OCGA § 40-6-392 (a) (3); however, the arresting officer testified that the hospital refused to administer the test because the appellant could not pay for it.

We are unable to address the appellant's contentions that OCGA § 40-6-392 (a) (3) is unconstitutional as it is axiomatic that a defendant who fails to prove indigency lacks standing to attack the constitutionality of the implied consent statutes. *Taylor v. State*, 261 Ga. 415 (2) (b) (405 SE2d 496) (1991).

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED JANUARY 22, 1993.

*William K. Blackstone,* for appellant.
*Nathan B. Deaton,* for appellee.